UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Derenzo Carson,
    Plaintiff,

v.

Equifax Information Services, LLC,
    Defendant.

Case No.:

## **COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, DERENZO CARSON, by and through his counsel, and for his Complaint pleads as follows:

### **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### **VENUE**

3. The transactions and occurrences which give rise to this action occurred in Jonesboro, Georgia.

4. Venue is proper in the Northern District of Georgia.

### **PARTIES**

5. Plaintiff is a natural person residing in Jonesboro, Georgia.

6. Defendant is Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Caine & Weiner Company, Inc.'s ("Caine & Weiner") tradeline ("Errant Tradeline") is erroneously reporting as disputed in Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradeline.

9. On or about September 25, 2023, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline reporting with an erroneous dispute notation.

10. On or about November 9, 2023, Plaintiff sent a letter to Equifax stating that he no longer disputes the Errant Tradeline and wants the dispute notation removed from the tradeline.

11. Equifax received Plaintiff's letter.

12. Equifax forwarded Plaintiff's letter to Caine & Weiner.

13. Caine & Weiner received Plaintiff's letter from Equifax.

14. On or about March 29, 2024, after not having received investigation results from Equifax, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax failed or refused to remove the erroneous dispute notation from the Errant Tradeline.

15. Equifax's failure to remove the erroneous dispute notation makes the Errant Tradeline false and misleading to any user of Plaintiff's credit report.  It also damages Plaintiff by preventing him from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

16. As a direct and proximate cause of Equifax's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff also has suffered stress, anxiety, frustration and other forms of emotional distress due to Equifax's failure to correct the errors in him credit files or improve him financial situation by obtaining new or more favorable credit terms as a result of Equifax's violations of the FCRA.  Plaintiff also has suffered physical harms, including loss of sleep and stress headaches.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

19. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

21. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

22. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

23. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with him reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

26. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

27. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

29. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered stress, anxiety, frustration and other forms of emotional distress.  Plaintiff also suffered physical harms, including loss of sleep and stress headaches.

30. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with him reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.


Respectfully submitted,

Dated: June 25, 2024          /s/ Gary Hansz
                             Gary Hansz
                             Bar No. 534669
                             27600 Farmington Road, Suite 108
                             Farmington Hills, MI 48334
                             Telephone: (248) 353-2882
                             Facsimile: (248) 353-4840
                             E-Mail: gary.hansz@crlam.com
                             Attorney for Plaintiff